IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:13 CR 38 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Richard Schmidt, | |
| Defendant. | |

## INTRODUCTION

Defendant filed a Motion to Suppress evidence obtained through search warrants executed on December 21 and 28, 2012 (Doc. 16). This Court held a record hearing on the Motion beginning March 28, 2013 and continued to April 8, 2013. At the conclusion of the hearing, this Court denied the Motion as to both warrants, and Defendant requested a written decision on what facts this Court found to support its decision.

## DISCUSSION

### *Warrant Executed December 21*

Defendant challenges the December 21 warrant for lack of probable cause on grounds that the supporting affidavit fails to establish a nexus between the counterfeit goods seized and Defendant (Doc. 16 at 3).

"To meet the nexus requirement of probable cause, 'the circumstances must indicate why evidence of illegal activity will be found in a particular place.'" *United States v. Berry*, 556 F.3d 332, 338 (6th Cir. 2009) (quoting *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc)).

"In other words, the affidavit must suggest that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought and not merely that the owner of the property is suspected of a crime." *Id.* (citations and internal quotation marks omitted).

Looking to the entirety of the affidavit, and limiting the inquiry to the four corners of the document, the nexus requirement is satisfied. Specifically, Paragraph 5 lists Defendant as the owner of a sports memorabilia store, Spindletop Sports Zone, on which the December 21 warrant was executed and in which counterfeit items were seized (SEALED Doc. 16-1 at 3–4, ¶ 5). This same paragraph connects Defendant to several trailers, and later paragraphs indicate Defendant was observed to be the only individual with access to them (*id.* at 4–5, ¶¶ 8–11). The affidavit further indicates that the Department of Homeland Security intercepted several packages containing counterfeit items addressed to "Rick Schmidt, Toledo, Ohio" (*id.* at 6–8, ¶¶ 14–18) and surveillance of Defendant, these trailers, and the store indicated that Defendant, on several occasions, was observed carrying boxes into and among these locations (*e.g.*, *id.* at 8–9, ¶ 20).

Thus, the affidavit supporting the December 21 warrant provides a sufficient nexus between Defendant and the counterfeit goods. True, as this Court noted at the conclusion of the April 8 hearing, the affidavit could have set forth additional information to make the connection clearer, but looking at the entirety of the affidavit this Court is satisfied the nexus requirement was met.

### *Warrant Executed December 28*

Defendant challenges this warrant on grounds that Michelle Barton, who provided information to the FBI which formed the basis of the affidavit in support, was acting as an agent of the Government (FBI). This point was thoroughly discussed during both the March 28 and April 8

Hearings, and there is no factual basis for this contention. As the affidavit indicates, Barton contacted the affiant after she witnessed a significant cache of weapons and ammunition, which she believed to be illegally possessed, in two rooms utilized only by Defendant in the mall in which his store was located (SEALED Doc. 16-2 at 4–5, ¶ 8). Both the affiant and Barton testified during the hearing and conceded the contact was unsolicited by the affiant, and that Barton received no benefit for making contact. Further, e-mail communication between these two individuals, received into evidence during the hearing, as Exhibits 4 and 5, demonstrate nothing to support Defendant's contention that Barton was acting as a Government agent.

## CONCLUSION

Because the nexus requirement was satisfied as to the December 21 warrant, and because Michelle Barton was not acting as an agent of the FBI when she made statements which in part formed the basis of the affidavit in support of the December 28 warrant, Defendant's Motion was denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 8, 2013